**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEIJE WANG, | No. 08-71748 |
| Petitioner, | |
| v. | Agency No. A099-044-830 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2013[**]
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL, District Judge.[***]

Weije Wang petitions for review of a March 26, 2008, order of the Board of

Immigration Appeals affirming the Immigration Judge's denial of Wang's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

applications for asylum, withholding of removal, and relief under the Convention

Against Torture. Because the parties are familiar with the factual and procedural

history of this case, we repeat only those facts necessary to resolve the issues

raised on appeal. For the reasons stated below, we deny Wang's petition.

## I. The IJ's Adverse Credibility Determination is Supported by Substantial Evidence.

Adverse credibility findings are reviewed under the substantial evidence

standard. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). An IJ must

articulate a legitimate basis to question the applicant's credibility, and must offer

specific and cogent reasons for any stated disbelief. *See Rivera v. Mukasey*, 508

F.3d 1271, 1275 (9th Cir. 2007). Under the REAL ID Act, "trivial inconsistencies

that under the total circumstances have no bearing on a petitioner's veracity should

not form the basis of an adverse credibility determination." *Shrestha v. Holder*,

590 F.3d 1034, 1044 (9th Cir. 2010). But significant inconsistencies, regardless of

whether they go to the heart of the applicant's claim, can sustain an IJ's adverse

credibility determination under the totality of the circumstances. *Id.* at 1039-45

(discussing REAL ID Act standards governing adverse credibility determinations).

Here, the IJ correctly noted a number of material inconsistencies in Wang's testimony. For instance, the government produced uncontradicted evidence that Wang obtained the passport he used to illegally enter the United States in January 2003. Yet in spite of Wang's claimed fear of persecution, Wang waited more than a year to apply for a tourist visa to enter the United States, and did not actually come to the United States until August 2004. The IJ also reasonably concluded that Wang's testimony was suspicious given its lack of specificity, particularly regarding Wang's forced abortion claim. *See Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1153 (9th Cir. 1999) (approving IJ's finding that an applicant's testimony was suspicious given its lack of specificity). Wang devoted one perfunctory sentence of his asylum application to his wife's forced abortion, and was similarly unable to provide sufficient details about his claims of political corruption.

Finally, the IJ properly faulted Wang for failing to provide corroborating evidence. The IJ twice warned petitioner and his counsel of the need to provide corroborative evidence, and Wang's hearing was continued for nearly a year in order for Wang to gather such evidence. Wang did not avail himself of this opportunity, however, and the IJ reasonably concluded that Wang's explanations for his failure to corroborate were unconvincing. Thus Wang failed to carry his burden of proof.

3

**II.     Substantial Evidence Supports the IJ's Finding that Wang did not Establish a Nexus Between his Arrests and a Statutorily Protected Ground.**

In order to be eligible for asylum, past or anticipated persecution must be "on account of" one or more of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A).  *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).  The applicant must provide some evidence, direct or circumstantial, that the persecutor was or would be motivated to persecute him because of his actual or imputed status or belief.  *See Sangha v. I.N.S.*, 103 F.3d 1482, 1486-87 (9th Cir. 1997).

Here, the IJ reasonably concluded that Wang failed to establish any link between his sporadic complaints about his factory supervisor and wider government corruption.  Only a whistleblower's exposure of *government* corruption "may constitute political activity sufficient to form the basis of persecution on account of political opinion."  *Grava v. I.N.S.*, 205 F.3d 1177, 1181 (9th Cir. 2000); *see also Kozulin v. I.N.S.*, 218 F.3d 1112, 1115-16 (9th Cir. 2000) ("[T]he mere presence of some political element does not require the conclusion that some maltreatment was on account of political opinion.").  The IJ properly found that Wang's complaints about corruption at his factory were likely not politically motivated, and that petitioner's subsequent arrest could more likely be

4

explained by Wang's own use of violence against a security guard. We find no reason to disturb these findings on appeal.

**PETITION DENIED.**